## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NICOLE JONES,**<br><br>    Plaintiff,<br><br>vs.<br><br>**CALVARY PORTFOLIO SERVICES, LLC; and DOES 1 through 10, inclusive,**<br><br>    Defendant. | **Civil Action No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

### *I.   INTRODUCTION*

1.   This is an action for actual and statutory damages brought by plaintiff Nicole Jones an individual consumer, against defendant Calvary Portfolio Services, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibit debt collectors from engaging in deceptive acts and practices.

### *II.   JURISDICTION*

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and § 1337.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### *III.   PARTIES*

3.   Plaintiff, Nicole Jones is a consumer, a natural person allegedly obligated to pay any debt, residing in New Castle County, in the state of Delaware.

4.   Defendant, Calvary Portfolio Services, LLC is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in New

1

York.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6.  Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8.  Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to July 31, 2012.

9.  Upon information and belief, within one year prior to the filing of this complaint, Defendant continued to call Plaintiff within five minutes of having made payment arrangements with Plaintiff, without her consent and without the call(s) having been made for emergency purposes, stating that Plaintiff was playing games with Defendant in not making payments to Defendant.

10.  Upon information and belief, within one year prior to the filing of this complaint, Defendant threatened to sue Plaintiff, when it cannot do so, and to date, it has yet to sue Plaintiff.

11. Upon information and belief, within one year prior to the filing of this complaint, Defendant also continued to harass Plaintiff by calling her both workplace and husband after having already spoken to Plaintiff, under the guise of looking for location and/or contact information for Plaintiff, when it had already recently spoken with Plaintiff and knew how to contact and/or locate her.

### V.   CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and

   (b) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

   (c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

   (d) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt.

14. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Nicole Jones for statutory damages and costs and attorney fees.

**WHEREFORE**, Plaintiff Nicole Jones respectfully requests that judgment be entered against defendant Calvary Portfolio Services, Inc. for the following:

A. Statutory damages.

B. Costs and reasonable attorney fees.

C. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that plaintiff Nicole Jones demands trial by jury in this action.

DATED: February 27, 2013
Wilmington, Delaware

    Respectfully submitted,
    **MARGOLIS EDELSTEIN**

    /s/ Amy D. Brown
    Amy D. Brown, Esq. (DE #4077)
    750 Shipyard Drive, Suite 102
    Wilmington, DE 19801
    (302) 888-1112 Telephone
    (302) 888-1119 Facsimile
    abrown@margolisedelstein.com

    *Counsel for Plaintiff, Nicole Jones*